It appeared to the Court, that the town of Knoxville was recognized as such by several acts of assembly. The town is situated in the county of Knox. The court of that county made an order, appointing viewers of a road, within the limits of the town, the most convenient way from Main Street to the south-west corner of the court house to Cumberland Street, opposite John Williams's office. The viewers made return that it should pass, from the south-west corner of the court-house, through Cowan's lot, to Cumberland Street. The sum of S100 was assessed as damages to Cowan.
He prayed an appeal, which was allowed him by the Court. Being fearful, that an appeal was not the proper remedy, he preferred a petition to one of the judges for a certiorari, which was also allowed.
The appeal was taken up and dismissed under the 63d section of the Court Law, 1794, c. 1. The words of the act are, "that when any person or persons, either plaintiff or defendant, shall be dissatisfied with the sentence of any county court, he shall be allowed an appeal." It was the opinion of the Court that the section embraced only such cases where persons were regularly in court to complain or defend, which was not the case with Cowan. The case was then taken up on thecertiorari, which the Court conceived was the proper remedy.
The question was whether the County Court had power to lay off roads through towns incorporated or directed to be laid off in lots, streets, and alleys by the legislature. The Court were unanimously of opinion that they could not. Because, 1st. The Act of Assembly authorizing them to order the laying off and discontinuing such roads within a county, as they shall deem proper, could not by a literal construction be extended to streets. 2d. Every town in its definition supposes lots (never exceeding an acre in our country) and streets convenient for the passage of persons on foot, cattle, and carriages of all kinds. Its erection by the legislative authority into a town creates a state of private property and interest distinct from the body of the *Page 312 
county, and it is essential to its very existence that its local establishment should be regulated by the town's people.
The magistrates who composed the county courts are from the country, at least a great part of them; consequently cannot be expected to know the interest of the corporation. And if they did, they might feel inimical to it. Independent of these considerations, it is scarcely probable that the legislature meant to give a power, which it were doubtful, to say the least of it, whether they possessed themselves. The legislature had an undoubted right to lay off a town or not to do it. But when it was done it may be said to be on the principles of implied contract that those small lots sold under the sanction of government should for ever be held as private property and not subject to be violated in turning them into the ordinary purposes of county roads; but on this last point it is, not necessary to give any decisive opinion.